861 F.2d 266
 12 Fed.R.Serv.3d 822
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jonathan F. SMITH, Plaintiff-Appellant,
v.
APAC CAROLINA, INC., Defendant-Appellee.
 No. 88-3556.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 26, 1988.
Decided Sept. 22, 1988.
 
 Jonathan F. Smith, appellant pro se.
 Richard Lee Rainey, Margaret Ann Anderson, Guy F. Driver, Jr., Womble, Carlyle, Sandridge & Rice) for appellee.
 Before DONALD RUSSELL, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jonathan Smith appeals the district court's order denying his Rule 60(b), Fed.R.Civ.P., motion for reconsideration of the district court's order dismissing his employment discrimination action for failure to comply with discovery pursuant to Rule 37(b), Fed.R.Civ.P.
 
 
 2
 The defendant first moved for dismissal or for sanctions due to Smith's failure to respond to its request for production of documents and failure to appear at a deposition scheduled for November 20, 1987. In response to this motion, Smith responded to the request for production of documents and asserted that he had not previously received the notice of deposition or the request for production of documents. On January 21, 1988, defendant renewed its motion to dismiss for failure to comply with discovery due to Smith's failure to appear at a deposition scheduled for January 20, notice of which was mailed to Smith on January 6.
 
 
 3
 On March 15, 1988, the district court dismissed the action due to Smith's repeated failure to cooperate in discovery and failure to respond to the defendant's renewed motion to dismiss. On April 25, 1988, Smith moved under Rule 60(b), Fed.R.Civ.P., for reconsideration of the dismissal. Smith contends that he
 
 
 4
 never received any mail from the court or defendant, APAC-Carolina, Inc. dealing with the dismissal of my complaint until March 25, 1988 when I receive [sic] a copy from the court order. I was not present for my deposition because I had no knowledge that my deposition was to be taken and I could not have been present at the date asigned [sic] because I was incarcerated at that time. This is the earliest date I'm able to respond to the court order.
 
 
 5
 The defendant objected to the motion, pointing out that Smith had been instructed to keep the court and defendant advised of his address but that the first notice it received of Smith's incarceration was a March 1 letter from the Equal Employment Opportunity Commission (EEOC) to the court stating that Smith had been incarcerated since early January. Smith replied that he had called the EEOC collect as soon as he could after his incarceration to ask the EEOC to advise the court of his address. The district court denied the Rule 60(b) motion and Smith appealed.
 
 
 6
 Rule 60(b)(1), Fed.R.Civ.P., allows district courts to relieve parties of final judgments upon a showing of mistake inadvertence, surprise, or excusable neglect. Relief pursuant to Rule 60(b)(6) is more difficult to obtain in that the party must show extraordinary or exceptional circumstances which would justify relief from the judgment. United States v. Cato Brothers, 273 F.2d 153, 157 (4th Cir.1959), cert. denied, 362 U.S. 927 (1960). If a litigant is able to establish circumstances, including a disability, which precluded him from protecting his interest in a case, he should be entitled to relief pursuant to Rule 60(b)(6). Klapprott v. United States, 335 U.S. 601 (1949) (pro se litigant who was incarcerated, ill, and financially unable to hire an attorney at the time of the entry of default judgment was entitled to have his case reopened pursuant to Rule 60(b)(6)).
 
 
 7
 Smith's incarceration prevented him from attending his deposition or responding to the defendant's motion, resulting in dismissal of his case. Although the method used by Smith to advise the court and defendant of his incarceration--asking the EEOC to inform them--was not the most direct, he did succeed in having notice relayed prior to dismissal of the case.
 
 
 8
 As Smith's incarceration may be sufficient to justify relief from the prior judgment pursuant to either Rule 60(b)(1) or Rule 60(b)(6) and as the district court's order did not state the basis for denial of the motion, we remand the action to the district court for further consideration. Because the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 9
 VACATED AND REMANDED.